California Artichoke & Vegetable Growers Corp., et al. v. Lindsay Foods International, et al. Doc. 16

Case 1:07-cv-00103-OWW-TAG   Document 16   Filed 02/01/2007   Page 1 of 7

1  MARION I. QUESENBERY, Cal. Bar No. 072308
   R. JASON READ, Cal. Bar No. 117561
2  RYNN & JANOWSKY, LLP
   4100 Newport Place Drive, Suite 700
3  Newport Beach, CA 92660
4  Telephone:   (949) 752-2911
   Facsimile:   (949) 752-0953
5  E-Mail: rj@rjlaw.com

6  Attorneys for Plaintiffs
7  CALIFORNIA ARTICHOKE & VEGETABLE
   GROWERS CORP., dba OCEAN MIST FARMS;
8  DOBLER & SONS, LLC

FILED JAN 2 6 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

9              UNITED STATES DISTRICT COURT
10         FOR THE EASTERN DISTRICT OF CALIFORNIA
11                    FRESNO DIVISION

12 | CALIFORNIA ARTICHOKE &              | CASE NO. CvF-07-103-OWW TAG
13 | VEGETABLE GROWERS CORP., a          |
   | corporation, dba OCEAN MIST FARMS;  | [PROPOSED] TEMPORARY
14 | DOBLER & SONS, LLC, a limited liability | RESTRAINING ORDER AND ORDER
   | company,                            | TO SHOW CAUSE RE PRELIMINARY
15 |                                     | INJUNCTION AND PROPOSED
   |          Plaintiffs,                | PRELIMINARY INJUNCTION
16 |                                     |
17 | v.                                  |
18 | LINDSAY FOODS INTERNATIONAL, a      |
   | corporation; EDWARD THOMAS          |
19 | CONSOLE, an individual; and PAUL R. |
   | BLACK, an individual,               |
20 |                                     |
21 |          Defendants.                |

22  Upon review of the Complaint of Plaintiffs, CALIFORNIA ARTICHOKE &
23  VEGETABLE GROWERS CORP. dba OCEAN MIST FARMS and DOBLER & SONS, LLC
24  (hereinafter "Plaintiffs"), on file in the above-captioned action, and the declarations, exhibits and
25  Memorandum of Points and Authorities in support of Plaintiffs' Motion for a Temporary
26  Restraining Order and/or Preliminary Injunction submitted therewith, and any and all documents
27  provided by Defendants LINDSAY FOODS INTERNATIONAL ("LFI"), EDWARD THOMAS
28  CONSOLE, and PAUL R. BLACK (collectively "Defendants") in opposition thereto, and it

06-262/TRO.doc

1

1  appearing to the satisfaction of the Court that this is a proper case for granting a Temporary
2  Restraining Order and Order to Show Cause.

3  IT IS HEREBY ORDERED that Defendants appear in Courtroom 3 of the U.S.
4  District Court for the Eastern District of California, 2500 Tulare Street
5  Fresno, California 93721, on February 6, 2007, at 12:00 p.m., or as soon thereafter
6  as the matter may be heard, then and there to show cause, if any they have, why they, their
7  agents, bankers, subsidiaries, successors, assignees, principals, employees, attorneys, and
8  representatives should not be restrained and preliminarily enjoined during the pendency of this
9  action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in,
10 committing, or performing directly and indirectly, any and all of the following acts:

11 A.  Removing, withdrawing, transferring, assigning or selling to any other person or
12 entity, (1) any farm products (in their raw or processed form), (2) the proceeds from the sales of
13 any or all existing or future inventories of perishable agricultural commodities (in raw or
14 processed form) or other products derived from perishable agricultural commodities (in raw or
15 processed form), and/or (3) receipts of payment for perishable agricultural commodities (in raw
16 or processed form) sold prior to the date of this order and/or otherwise disposing of any of
17 Defendant LFI's assets, books or funds;

18 B.  Taking any other action whatsoever which causes, has the effect of causing, or
19 which otherwise dissipates Plaintiffs' beneficiary interests in trust assets of the Perishable
20 Agricultural Commodities Act ("PACA") [7 U.S.C. §499e(c)] or removes farm product (in its
21 raw or processed form) or the proceeds from the sale of such farm product from the possession
22 and control of Defendant LFI in violation of the California Producer's Lien statute [Cal. Food &
23 Ag. Code §§ 55631 – 55638].

24 C.  Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)-(4), 7
25 U.S.C. §499b(4), or Cal. Food & Ag. Code §§ 55631-55638.

26 IT IS FURTHER ORDERED that Defendants, their owners, officers, directors, agents,
27 subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert
28 with them, appear at the same time and place to show cause, if any they have, why they should

06-262/TRO.doc

1  not be commanded by order of this Court and required to distribute to Plaintiffs PACA trust
2  assets in the total amount of $210,950.35 ($75,573.30 for Ocean Mist; $135,377.05 of its claim
3  of $222,568.94 for Dobler), which is perfected under the PACA trust provisions, 7 U.S.C. §
4  499e(c), and $298,142.24 on Plaintiffs' producer's lien claims, for a cumulative total of
5  $298,142.24, plus contractual attorneys fees and costs in the amount of $3,100.43 and interest (at
6  18% per annum from the date payment was due through January 18, 2007 on its $75,573.30
7  invoice) of $ 12,969.62 to Ocean Mist and pre-judgment interest (at the rate of 10% per annum)
8  to Dobler on the $222,568.94 owed to Dobler from the date of its invoices became due through
9  January 18, 2007, which totals $5,696.93.

10  IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing
11  Order to Show Cause, Defendant LFI, its officers, directors, bankers, agents, subsidiaries,
12  successors, assignees, principals, assignors, attorneys and persons acting in concert with them,
13  shall deposit in the court's registry, or in a separate trust account to be opened by Plaintiffs'
14  attorneys, Plaintiffs PACA trust assets in the total amount of $210,950.35 ($75,573.30 for Ocean
15  Mist; $135,377.05 of its claim of $222,568.94 for Dobler), which is perfected under the PACA
16  trust provisions, 7 U.S.C. § 499e(c), and $298,142.24 on Plaintiffs' producer's lien claims, for a
17  cumulative total of $298,142.24, plus contractual attorneys fees and costs in the amount of
18  $3,100.43 and interest (at 18% per annum from the date payment was due through January 18,
19  2007 on its $75,573.30 invoice) of $12,969.62 to Ocean Mist and pre-judgment interest (at the
20  rate of 10% per annum) to Dobler on the $222,568.94 owed to Dobler from the date of its
21  invoices became due through January 18, 2007, which totals $5,696.93.

22  In the event that Defendant LFI lacks sufficient funds to promptly deposit the total sum
23  requested, it shall transfer any and all monies in its bank accounts or on hand into the registry of
24  the Court or into a trust account in the name of Plaintiffs' attorney. Any and all LFI receivables
25  or other monies obtain by LFI after the date on which the Temporary Restraining Order issues,
26  shall be applied to satisfy the $319,909.22deposit required above.

27  IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing
28  Order to Show Cause, Defendants, their agents, bankers, subsidiaries, successors, assignees,

06-262/TRO.doc

1 principals, attorneys, and persons acting in concert with them shall be and hereby are prevented 2 from transferring, withdrawing or in any other manner removing Perishable Agricultural 3 Commodities Act [7 U.S.C. §499e(c)] trust assets or other assets upon which Plaintiffs have a 4 Producer's lien [Cal. Food & Ag. Code § 55631 et seq.], including but not limited to farm 5 products (in raw or processed form), the proceeds from the sale of farm products (in raw or 6 processed form), and funds on deposit in banking accounts held by or on behalf of Defendants, 7 from Defendants' banking accounts, including but not limited to Defendants' account number 8 02287-03820 and 02285-03821 at Bank of America, 215 North Elmwood Ave., Lindsay, 9 California, and any other accounts subsequently discovered to be standing in any Defendants' 10 names.

11 IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing 12 Order to Show Cause, and continuing thereafter, Defendants and their counsel, agents, or 13 representatives, shall be preliminarily enjoined from engaging in, committing, or performing 14 directly and indirectly, any and all of the following acts:

15 D. Removing, withdrawing, transferring, assigning or selling to any other person or 16 entity, (1) any farm products (in their raw or processed form), (2) the proceeds from the sales of 17 any or all existing or future inventories of perishable agricultural commodities (in raw or 18 processed form) or other products derived from perishable agricultural commodities (in raw or 19 processed form), and/or (3) receipts of payment for perishable agricultural commodities (in raw 20 or processed form) sold prior to the date of this order and/or otherwise disposing of any of 21 Defendant LFI's assets, books or funds;

22 E. Taking any other action whatsoever which causes, has the effect of causing, or 23 which otherwise dissipates Plaintiffs' beneficiary interests in trust assets of the Perishable 24 Agricultural Commodities Act ("PACA") [7 U.S.C. §499e(c)] or removes farm product (in its 25 raw or processed form) or the proceeds from the sale of such farm product from the possession 26 and control of Defendant LFI in violation of the California Producer's Lien statute [Cal. Food & 27 Ag. Code §§ 55631 – 55638].

28

06-262/TRO.doc

F.   Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)-(4), 7 U.S.C. §499b(4), or Cal. Food & Ag. Code §§ 55631-55638.

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

G.   Immediately account to the Court and Plaintiffs for all assets of the PACA trust from January 1, 2006 through the date of this Order and until the account is provided.

H.   Immediately assign Defendants' inventory of perishable agricultural commodities (in raw and processed from) and produce related receivables to Plaintiffs for sale and collection until Plaintiffs are fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiffs' counsel without charge to the trust, and subject to Plaintiffs' counsel making a weekly accounting for all receivables received or collected by Plaintiffs' counsel in that regard.  Plaintiffs' counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

I.   Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiffs' counsel as set forth above. Likewise, Defendants shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiffs' counsel.

J.   File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs and their counsel, agents, or

06-262/TRO.doc

1  representatives, shall have full and complete and continuing access to all of Defendant LFI's
2  books and records, which shall include but not necessarily be limited to, Defendant LFI's
3  accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and
4  canceled checks, and other financial records from January 1, 2006, forward for the purpose of
5  verifying Defendants' accountings required by this Order and for enforcement of this Order.
6  Defendants shall, upon 2 business days notice by Plaintiffs' counsel, allow inspection and
7  copying of the books and records of said Defendant LFI by Plaintiffs or their representatives at
8  Defendant LFI's place of business.

9  　　　IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing
10 Order to Show Cause, and continuing thereafter, Plaintiffs shall be entitled to depose, under oath,
11 at reasonable times and places, upon at least 2 business days notice, Defendants and/or
12 Defendants' other principals, owners, directors, officers, shareholders, employees, agents and
13 accountants concerning any matter pertaining to any accounting due pursuant to this Order, any
14 books or records which Plaintiffs are entitled to inspect under this Order, the trust assets or any
15 of Defendant LFI's assets, and/or Defendant LFI's business practices, procedures or operations
16 from commencement of Defendant LFI's business activities, including any transfers made to
17 Defendants or other third parties.

18 　　　IT IS FURTHER ORDERED that Plaintiffs are to serve copies of this Order and all
19 pleadings and other papers in support of the Order on or before _January 30, 2007_ Defendants
20 shall file an Opposition, if any, to the Order to Show Cause on or before _3:00_ p.m. on
21 _February 5_, 2007 and shall personally serve Plaintiffs' counsel with a copy of said
22 opposition by the same deadline. ~~Plaintiffs shall file and serve on Defendants a Reply~~ to
23 ~~Defendants' Opposition on or before ____ .m. on ____, 2007~~.

24 　　　IT IS FURTHER ORDERED that pursuant to Local Rule 65-231, parties affected by this
25 order can apply to the court for modification or dissolution on two (2) court days' notice by
26 personal service or such other notice as the court may allow.

27
28

06-262/TRO.doc

6

1  IT IS FURTHER ORDERED that ☐ no bond ☐ a $5000.00 bond
2  shall be required to be posted by Plaintiffs before the Temporary Restraining Order is effective.
3  THIS ORDER IS ISSUED _January 26_, 2007 at _4:20 p_.m.

6  DATED: _January 26_, 2007

_____
U.S. DISTRICT COURT JUDGE

LAW OFFICES
RYNN & JANOWSKY, LLC
4100 NEWPORT PLACE DRIVE
SUITE 700
NEWPORT BEACH, CALIFORNIA 92660
(949) 752-2911
FAX (949) 752-0953

06-262/TRO.doc